UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL GREEN,

        Plaintiff,

    -v-

DEPUTY SUPERINTENDENT, SHU SGT., DEPT.
OF SECURITY,

        Defendants.

DECISION AND ORDER
12-CV-0606M



---

    Plaintiff, Michael Green, proceeding *pro se,* filed a complaint seeking relief under 42 U.S.C. § 1983. By Order dated November 16, 2012, plaintiff was directed to file an amended complaint because the complaint was subject to dismissal for failure to state a claim (Docket No. 9). Plaintiff has now filed an amended complaint (Docket No. 10) which the Court reviews with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

    Plaintiff's amended complaint seeks to hold defendants responsible for inappropriately housing him in a double cell with another prisoner. Plaintiff alleges that as a result of defendants' failure to conduct a proper screening for double celling, he was housed with a prisoner that assaulted him causing significant injuries.

    For the reasons discussed below, defendants SHU Sgt. and Deputy Superintendent are dismissed as parties without prejudice. Defendant Dept. of Security, is renamed in this action as Deputy Superintendent for Security, Five Points Correctional Facility. Individual capacity claims may proceed against Deputy Superintendent for Security, Five Points Correctional Facility and official capacity claims are dismissed.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

Plaintiff alleges in his amended complaint that the defendants violated federal law and the Directives of the New York State Department of Corrections and Community Supervision ("DOCCS") by failing to properly screen inmates for doubling celling, for risk factors. Plaintiff states that defendants improperly housed him in a cell with another prisoner in June 2011 at Five Points Correctional Facility. Plaintiff states that he is of slight build, and has a criminal history of only non-violent offenses. He states that he was placed in a double cell with an individual with a large build, a criminal history as a violent offender, and a recent assault on another person while in prison. Petitioner alleges that defendants' failure to follow DOCCS' directives on double celling, and federal law, caused him to be improperly housed and put him in an unsafe situation.

Plaintiff attaches to his complaint medical records regarding the incident. The records indicate that plaintiff was found in the shower stall "hog-tied and unconscious" and the prisoner he was double celled with reported that he had "killed" the plaintiff. Plaintiff was taken by ambulance to an outside hospital for treatment.

Plaintiff has provided sufficient allegations for a failure to protect claim under the Eight Amendment, which requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994).

## PARTIES

Plaintiff was advised that a prerequisite for liability under a § 1983 claim is "personal involvement" by the defendant in the alleged constitutional deprivation. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998). Plaintiff was directed to file an amended complaint naming as defendants one or more individuals who were personally involved in the decision to house him in a double cell with the other prisoner.

Plaintiff names in his amended complaint the Deputy Superintendent, the SHU Sergeant, and the Deputy of Security. Plaintiff does not provide specific allegations about the personal involvement of defendants in the doubling celling decision. DOCCS' Directive No. 4003, however, states that it is the responsibility of the Deputy Superintendent of Security to select inmates for assignment to double-cell housing. The directive further states that the Deputy Superintendent of Security "or designee" is responsible for conducting the risk assessment prior to assigning an inmate to a double cell.

The Court noted in its November 16, 2012 Order that plaintiff's knowledge prior to conducting discovery may be limited. Additionally, the Second Circuit Court of Appeals has determined that, even "[t]hough a court need not act as an advocate for *pro se* litigants, in *pro se* cases there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (internal quotation marks omitted). "Plaintiffs, especially *pro se* incarcerated plaintiffs, should be given an opportunity to identify the unknown defendants through discovery." *Brown v. Doe*, 1999 WL 893070, at * 2 (S.D.N.Y. October 18, 1999) (deferring defendants' motions to dismiss until they have provided the requisite discovery information and materials to the *pro se* prisoner litigant).

In *Valentin*, the Second Circuit acknowledged that "[f]rom [a prisoner's] place of incarceration, it is hard to see what investigative tools would be at his disposal to obtain further information on [a perpetrators] identity." The Court went on to hold that district courts must assist *pro se* incarcerated litigants with their inquiry into the identities of unknown defendants. *Valentine v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), *see also Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995) ("We do not think that the children's game of pin the tail on the donkey is a proper model for constitutional tort law. If a prisoner makes allegations that if true indicate a significant likelihood that someone employed by the prison system has inflicted cruel and unusual punishment on him, and if the circumstances are such as to make it infeasible for the prisoner to identify that someone before filing his complaint, his suit should not be dismissed as frivolous.").

The Court will allow plaintiff to proceed with this action against the individual who was the Deputy Superintendent of Security at Five Points Correctional Facility in June 2011. Defendant Deputy of Security, is renamed in this action as Deputy Superintendent of Security, Five Points Correctional Facility.

Defendants SHU Sergeant and Deputy Superintendent are dismissed without prejudice at this time as plaintiff has not alleged they were personally involved in the decision to house him in a double cell with the other prisoner.

Plaintiff is advised that the statute of limitations for actions filed under 42 U.S.C. § 1983 is three years, *Owens v. Okure*, 488 U.S. 235, 251 (1989), and he will need to identify any additional defendants that were personally involved in the double celling decision through discovery and move to amend the caption to add them to this action within that time period.

**ELEVENTH AMENDMENT IMMUNITY**

It is unclear in what capacity plaintiff has brought claims against defendants. He references both individual and official capacity, as well as the "immunity" of defendants. For the reasons that follow, plaintiff may bring individual capacity claims against the remaining defendant, Deputy Superintendent of Security, Five Points Correctional Facility. Claims brought against the defendant as official capacity claims are dismissed.

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff may therefore sue the defendants in their official capacities only if they consent to be sued, *Pennhurst*, 465 U.S. 89 at 99-101, and in New York the state has not consented, *see, e.g.*, *Huang v. Johnson*, 251 F.3d 65 (2d Cir. 2001). Therefore, the Eleventh Amendment bars plaintiff's official capacity claims against defendant, which are dismissed with prejudice. Plaintiff's claims may go forward against Deputy Superintendent of Security, Five Points Correctional Facility, only as individual capacity claims.

## **CONCLUSION**

For the reasons set forth above, defendants SHU Sergeant and Deputy Superintendent are dismissed without prejudice as parties at this time. Defendant Deputy of Security, is renamed in this action as defendant Deputy Superintendent of Security, Five Points Correctional Facility. Individual

capacity claims may proceed against Deputy Superintendent of Security, Five Points Correctional Facility and official capacity claims are dismissed.

## ORDER

IT HEREBY IS ORDERED, that SHU Sergeant and Deputy Superintendent are dismissed without prejudice as parties at this time;

FURTHER, that the Clerk of the Court is directed to rename defendant Deputy of Security, as Deputy Superintendent of Security, Five Points Correctional Facility, and amend the caption of this case accordingly;

FURTHER, that official capacity claims are dismissed and individual capacity claims may proceed forward against Deputy Superintendent of Security, Five Points Correctional Facility;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon defendant Deputy Superintendent of Security, Five Points Correctional Facility, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g), the defendant is directed to answer the complaint.

IT IS SO ORDERED

_____
DAVID G. LARIMER
United States District Judge

DATED: May 6, 2013
Rochester, New York